WALSH et al., Respondents, v. WALSH, Appellant.

(162 N. W. 398.)

(File No. 3968.    Opinion filed April 30, 1917.    Rehearing denied June 26, 1917.)

Conveyances—Sales—Bill of Sale—Transfers Through Undue Influence—Mental Capacity to Transfer Property—Intent to Transfer—Contrary Findings—Evidence, Sufficiency.

In a suit by heirs of a decedent, to recover for benefit of decedent's estate certain real and personal property claimed by it under deed and a bill of sale by decedent; trial court having found that the deed was made without payment of the expressed consideration, was not the free, intelligent, and voluntary act of grantor, was made under undue influence exercised by grantee, son of decedent, and that the bill of sale was made without consideration and without intent to transfer the property to the nominal transferees, and was made under undue influence, etc., and that said son has in his possession a specified amount in value of personalty covered by the deed and bill of sale; the jury on the trial having by advisory verdict found that decedent had sufficient capacity to transfer, etc., and knew that he was thereby transferring the real and personal property, etc., while the general verdict of the jury found that bill of sale was not delivered with intent to transfer the personalty, that the deed and bill of sale were not the free, etc., acts of decedent, and were due to undue influence of transferee; **held,** that there was no substantial evidence that transferee obtained the deed and bill of sale by undue influence; that the fact that there was opportunity to exercise such influence is not enough to justify setting aside the transfers; and the the evidence fails to sustain the finding that the son holds said personalty for said estate.

Appeal from Circuit Court, Lyman County. Hon. WILLIAM WILLIAMSON, Judge.

Action by Henry P. Walsh and others, against Robert E. Walsh, to recover for the benefit of the estate of Henry P. Walsh, Sr., deceased, certain real and personal property. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Judgment and order vacated and set aside.

*Horner, Martens & Goldsmith,* and *Bartine & Bartine,* for Appellant.

*Hanten & Hanten,* and *F. C. Wederath,* for Respondents.

Appellants cited: Boardman v. Lorentzen, 52 L. R. A. (N. S.) 478; Ball v. Boston, 153 Wis. 27, 141 N. W. 8.

GATES, P. J. The plaintiffs, children of Henry P. Walsh, Sr., deceased, brought this action in January, 1914, against their brother, the defendant Robert E. Walsh. The mother of defendant was also made party in her own right and as administratrix of the estate of her husband, but, as no judgment was taken against her in either capacity, no further attention will be paid to her. The object of the action was to recover for the benefit of the

estate of the decedent certain real and personal property claimed to be the property of the estate. The real property, consisting of 160 acres of land in Deuel county, S. D., was conveyed by Henry P. Walsh, Sr., who was then in his 67th year, to the defendant in October, 1899. The deed was prepared by Henry P. Walsh, Sr., in his own handwriting. The personal property, consisting of 300 head of cattle and 200 head of horses, was transferred by Henry P. Walsh, Sr., to defendant by bill of sale in October, 1900.

Henry P. Walsh, Sr., died in Lyman county in May, 1913, seized of 148 acres of land in Lyman county, which land is not in controversy. The court found in its sixth finding:

That the conveyance of the above-described Deuel county land "was made without payment of the expressed consideration of $3,000 therein mentioned, and was not the free, intelliegnt, and voluntary act of the grantor, and was made under undue influence exercised by Robert E. Walsh over Henry P. Walsh, Sr., by reason of his relation and association and by means of persuasion and importunition, so strong as to control the acts and induce the making of said transfer, and said real property herein described is now held by Robert E. Walsh as an involuntary trustee for said estate and is part of the said estate of said Henry P. Walsh, Sr., deceased."

But said expressed consideration included another quarter section of land in said county, which defendant by arrangement with his father conveyed to plaintiff Fred Walsh in October, 1900, for the sum of $800 paid to the father.

The court found in its seventh finding:

That the said bill of sale "was made without payment of consideration and without intent to transfer said property from Henry P. Walsh, Sr., to Robert E. Walsh, and was not the free, intelligent, and voluntary act of Henry P. Walsh, Sr., and was made under undue influence exercised by Robert E. Walsh over Henry P. Walsh, Sr., by reason of his relation and association and by means of persuasion and importunities and on account of an ascendency and influence over his father's will and conduct, so strong as to control the acts and will of Henry P. Walsh, Sr., at the time said bill of sale was made, and that said property to the amount of the expressed consideration of $10,000, is the property of and belongs to the said estate of Henry P. Walsh, Sr.,

deceased. That all of the property covered by the bill of sale has been disposed of and cannot be returned to the estate, and that the value of Henry P. Walsh, Sr.'s interest in the property at the time of the bill of sale was made was the sum of $10,000."

The court further found in its ninth finding:

"That Robert E. Walsh has in his possession and under his control property, exclusive of the property covered by the deed and bill of sale herein mentioned, of the personal property belonging to and being a part of the estate of Henry P. Walsh, Sr., deceased, to the amount of $6,816.46."

Judgment was entered canceling said real estate conveyance and awarding judgment against the defendant in the sum of $16,816.46. From the judgment and an order denying a new trial, defendant appeals.

The Walsh family came from Minnesota to Deuel county in 1878 and took up a preemption and tree claim. With the exception of John who never lived at home after 1882, and one of the girls, they all worked on the farm until 1890, when Robert and part of the family removed to Lyman county. For several years part of the family spent some time at each place. The boys Fred and Henry P. Walsh, Jr., spent their time mostly in Deuel county. Robert took up land in Lyman county, and in 1904 Henry P. Walsh, Sr., made a homestead entry (the land not in controversy). Cattle and horses were taken at different times from Deuel county to Lyman county and turned on the range. Part of the stock belonged to Robert and part to Henry P. Walsh, Sr., and part to the girls. Robert bought the girls' stock. The girls married and left home, after which the father and mother lived with Robert, who supported them until the father's death, when Robert afterwards continued to support the mother. Several payments of money by Robert to Henry P. Walsh, Sr., are disclosed in the record. A great deal of evidence sought to be introduced on both sides was excluded because of the trial court's ofttime erroneous construction of the provisions of section 486, C. C. P., so that no very satisfactory record of actual facts is presented. It appears from the evidence of a banker of Pierre that Henry P. Walsh, Sr., said the consideration for the deed and bill of sale was the agreement of Robert to support him and his wife during their life. The advisory verdict of the jury to whom certain questions were

submitted found that Henry P. Walsh, Sr., had sufficient capacity to know the purport and effect of the deed and bill of sale, and that he was thereby transferring the real and personal property to Robert, and that the deed was delivered with the intent to transfer the real estate to Robert. On the contrary, the verdict of the jury found that the bill of sale was not delivered with intent to transfer the personal property to Robert, and that the making of the deed and bill of sale were not the free, intelligent, and voluntary acts of Henry P. Walsh, Sr., but were due to undue influence of Robert. A careful examination and re-examination of the evidence fails to disclose any substantial evidence that Robert obtained the deed and bill of sale by undue influence. The most that can be said is that there was an opportunity to exercise such influence. Such opportunity alone is not enough to justify the setting aside of the deed and bill of sale, nor can we find any evidence tending to justify the ninth finding of fact of the trial court.

We think these contrary findings of the jury, and the findings of fact made by the trial court in conformity therewith are without substantial support, and are contrary to the clear preponderance of the evidence.

The judgment and order appealed from are therefore vacated and set aside.